IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATASHIA SAUNDERS,        )
       Plaintiff         )      C.A. No. 23-368 Erie
                     )
      v.               )
                     )      District Judge Susan Paradise Baxter
ESURANCE INSURANCE SERVICES, )
INC., AN ALLSTATE COMPANY,   )
       Defendant.       )

## MEMORANDUM OPINION

### I.    INTRODUCTION

On November 29, 2023, Plaintiff Natashia Saunders initiated this action by filing a complaint in the Court of Common Pleas of Erie County, Pennsylvania, against Defendant Esurance Insurance Services, Inc. an Allstate Company, alleging claims of breach of contract and statutory bad faith arising from a dispute over motor vehicle storage fees, rental car fees, and repair estimates. [ECF No. 1-3]. The case was subsequently removed to this Court pursuant to a Notice of Removal filed by Defendant on December 29, 2023. [ECF No. 1].

On January 8, 2024, Plaintiff filed a motion to remand and request for attorney fees [ECF No. 5], arguing that the amount in controversy required for diversity jurisdiction is not met. Defendant has since filed a response and brief in opposition to Defendant's motion [ECF Nos. 9-10], to which Plaintiff has filed a reply brief [ECF No. 11]. The removal of this matter is now ripe for consideration.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …." 28 U.S.C. § 1332(a)(1). Removing defendants "carr[y] a heavy burden" of showing that the case is properly before the district court. Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Moreover, the removal statute is strictly construed, and all doubts are to be resolved in favor of remand to state court. Johnson v. SmithKline Beechum Corp., 724 F.3d 337, 346 (3d Cir. 2013). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id.

## III.     DISCUSSION

### A.     Motion to Remand

The parties agree that there is complete diversity between them; however, they disagree that the amount in controversy exceeds the jurisdictional threshold of $75,000.00. The disagreement arises from the fact that Plaintiff's complaint does not specify the amount of damages sought. Instead, for her breach of contract claim, Plaintiff alleges that she "has suffered damages … in an amount to be proven at trial" (ECF No. 1-3, at ¶ 15), while Plaintiff's bad faith claim merely details the type of damages Plaintiff seeks to recover: (i) interest on the principal amount that should have been paid to Plaintiff at the prime rate plus three [3%] percent from the

date the claim for coverage damages was made; (ii) punitive damages; and (iii) court costs plus attorneys' fees (Id. at ¶ 19(a)-(c)).

Where, as here, the plaintiff has not asserted a sum certain for any of the damages claimed, the Court must next look to the amount asserted in the Notice of Removal. See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 84 (2014); 28 U.S.C. § 1446(c)(2)(A). However, if the amount asserted in the Notice of Removal is contested, the Court must view the pleadings and determine a reasonable reading of the value of the rights being litigated. Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993).

Here, Defendants' entire argument in opposition to Plaintiff's motion to remand is based on the faulty premise that "it must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify remand." (ECF No. 10, at pp. 1-2) (emphasis in original). This assertion is mistaken. "While [the legal certainty test] was the previously applicable standard for determining the amount in controversy upon removal, the standard changed in 2011 when Congress enacted the Federal Court Jurisdiction and Venue Clarification Act" which amended 28 U.S.C. § 1446 "so as to clarify the determination of the amount in controversy for federal jurisdiction purposes." Scaife v. CSX Transp., Inc., 2019 WL 3353727, at *3 (W.D. Pa. Jul. 25, 2019) (citations omitted).

Under the amended Section 1446, "removal of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(2)(B). Thus, "'the court must determine by a preponderance of the evidence whether the amount in controversy requirement has been satisfied.'" Hornberger v. State Farm Mutual Automobile Ins. Co., 2023 WL 6121168, at *2 (W.D. Pa. Sept. 19, 2023),

quoting Rossi v. Neumayr, 2020 WL 6710428, at *2 (M.D. Pa. Nov. 16, 2020). "If the court is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden." Id. (internal quotation marks and citations omitted).

Despite Defendant's failure to cite the appropriate standard, the Court will review Defendants' arguments to see if they establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold of $75,000.00. To begin with, Defendant argues that, on the civil cover sheet of the complaint filed with the Erie County Court, Plaintiff checked the box indicating that the dollar amount requested was "outside arbitration limits," thus signifying that the amount in controversy exceeds Erie County's compulsory arbitration limit of $50,000.00. (ECF No. 1, at ¶ 8; ECF No. 10, at p. 3). Then, using this $50,000.00 figure as the baseline for valuing Plaintiff's compensatory damage claim, Defendant argues that Plaintiff's additional demand for punitive damages and attorneys' fees "is clearly enough to breach the statutory minimum required for diversity jurisdiction," because "punitive damages [alone] may be 8 to 9 times the dollar amount of compensatory damages." (ECF No. 1, at ¶¶ 9-10; ECF No. 10, at p. 3). These arguments are unavailing.[1]

First, as the Middle District Court observed in Rossi, "the fact that [Plaintiff's] complaint seeks compensatory damages in excess of $50,000 "proves nothing about the actual amount in controversy" because such a demand is generally necessary under Pennsylvania law to avoid compulsory arbitration and therefore "amounts to little more than boilerplate." Rossi, 2020 WL 6710428, at *2, citing Shygelski v. Allstate Fire & Cas. Ins. Co., 2016 WL 1463774, at *2 n.2

---

[1] Additionally, Defendant notes in its opposition brief that Plaintiff refused to stipulate that the amount in controversy does not exceed $75,000.00 in exchange for Defendant' agreement to remand to the Erie County Court. Defendant asserts that this refusal "demonstrates [that] Plaintiff believes the amount in controversy could very well exceed $75,000.00 serving to confirm the case rightfully belongs in federal court." (ECF No. 10, at p. 4). However, Plaintiff's refusal to stipulate to the value of its claims in this case through settlement negotiations has little bearing in determining the actual amount in controversy.

Case 1:23-cv-00368-SPB   Document 13   Filed 05/08/24   Page 5 of 5


(M.D. Pa. Apr. 14, 2016). In addition, while it is true that punitive damages are included in the calculation of the amount in controversy, See Frederico v. Home Depot, 507 F.3d 188, 199–200 (3d Cir. 2007), speculative arguments as to the punitive damages a party could recover are generally insufficient to establish subject matter jurisdiction. See, e.g., Clarity Sports Int'l LLC v. Redland Sports, 400 F. Supp. 3d 161, 174–75 (M.D. Pa. 2019).

In short, Defendant has failed to establish the amount in controversy in this case by a preponderance of the evidence. As a result, Plaintiff's motion to remand this case to the Erie County Court of Common Pleas will be granted.

**B.      Request for Attorney Fees**

Under § 1447(c), if a court grants a motion to remand, the court may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal. "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales...." Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141.

Here, the Court cannot say that Defendant lacked an objectively reasonable basis for removing this lawsuit. Defendant advanced colorable arguments that the removal of this action was appropriate. Accordingly, the Court will deny Plaintiff's request for attorney's fees and costs.

An appropriate Order follows.